UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHERYL L. DANIELS,

       Plaintiff,

v.                                                CASE No.  8:05-CV-608-T-TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

       Defendant.

_____

<u>O R D E R</u>

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[1]  Because the decision of the Commissioner of Social Security does not address a treating physician's opinion that the plaintiff is permanently disabled and fails to evaluate all of the plaintiff's impairments and subjective complaints, the decision will be reversed and the matter remanded for further consideration.

I.

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 16).

The plaintiff, who was forty-six years old at the time of the administrative hearing and who has a ninth grade education,[2] has worked primarily as a certified nurse's assistant (Tr. 64, 72, 451).  She filed claims for Social Security disability benefits and supplemental security income, alleging that she became disabled due to cerebral palsy, a back injury, headaches, irregular sleep, arthritis in her neck, depression, alcohol and drug abuse in remission, and a reading disability (Tr. 63).  The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a <u>de novo</u> hearing before an administrative law judge.  The law judge found that the plaintiff suffers from severe impairments that limit her residual functional capacity to a reduced range of light work (Tr. 19, 20).[3]  Further, the law judge found that the plaintiff has a mental impairment that causes occasional problems with

_____

[2]The record contains conflicting information regarding the plaintiff's education. The plaintiff stated at the hearing that the ninth grade was the highest grade she completed (Tr. 451), but the record also includes statements from the plaintiff that she completed the tenth grade (Tr. 67, 225).

[3]Specifically, the law judge found that the plaintiff can "lift 20 pounds occasionally and 10 pounds frequently, stand or walk three to four hours, sit about six hours, push and or pull controls frequently with the right extremities, and occasionally perform postural manipulation but never crawl.  She should avoid concentrated exposure to open heights and uneven terrain" (Tr. 18).

concentration and persistence (Tr. 19).  The law judge determined that these limitations precluded the plaintiff from returning to her prior relevant work (Tr. 20).  However, based upon the testimony of a vocational expert, the law judge decided that the plaintiff could perform jobs that existed in the national economy, such as customer security clerk, cashier, and ticket seller (Tr. 19, 20, 463).  The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

## II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper

legal standards were applied and legal requirements were met.  <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff claims that she has been unable to work since March 2000 due to a back and neck injury, coupled with depression.   As indicated, the law judge rejected the plaintiff's claim of disability, concluding that she has the residual functional capacity to perform a reduced range of light work (Tr. 18, 20).  In this regard, the law judge stated that he gave the findings of state agency physicians "determinative weight" (Tr. 18).[4]

A.  The plaintiff's first argument is that the law judge erred by not giving proper credit to the opinion of treating physicians Dr. Kenneth Botwin and Dr. John Delaney (Doc. 22, pp. 16-19).  This argument has merit with respect to Dr. Botwin's opinions.

It is well-established that opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not

---

[4]Thus, the law judge accepted the physical residual functional capacity assessment performed by Dr. James Green (Tr. 362-69) and the mental residual functional capacity assessment performed by Dr. Jackie Robinson, Ph.D. (Tr. 370-86)(<u>see</u> Tr. 20, ¶5). Dr. Green's findings are stated in footnote 3.  Dr. Robinson concluded that the plaintiff exhibited moderate limitations in the ability to maintain attention and concentration for extended periods of time and that she should avoid working in a highly stressful environment (Tr. 370, 386).

doing so.  <u>Phillips</u> v. <u>Barnhart</u>, 357 F.3d 1232, 1240 (11th Cir. 2004).  Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or when the opinion is conclusory or inconsistent with the physician's own medical records.  <u>Lewis</u> v. <u>Callahan</u>, 125 F.3d 1436, 1440 (11th Cir. 1997).

Dr. Botwin has treated the plaintiff for back and neck pain associated with a work injury since May 2000.  The plaintiff argues that Dr. Botwin has opined many times that she was temporarily or permanently disabled, but that the law judge ignored these reports of disability in his decision (Doc. 22, p. 17).  In this regard, Dr. Botwin's progress notes dated May 18, 2000, June 2, 2000, July 25, 2000, August 7, 2000, August 28, 2000, and December 14, 2000, state that the plaintiff suffers from a temporary total disability (Tr. 332, 337, 338, 339, 343, 344),  and that this work status was unchanged as of March 29, 2001 (Tr. 323).  Further, Dr. Botwin opined in a letter to Pinellas County Department of Social Services dated July 11, 2002, that the plaintiff suffers from a "[p]ermanent" disability and that she is "incapable of any employment" (Tr. 308).[5]  He listed her diagnoses as

---

[5]Subsequent correspondence by Dr. Botwin to Pinellas County Social Services dated December 18, 2003, reiterates his opinion that the plaintiff is permanently disabled (Tr.

radiculopathy and myofascial pain (id.).  Moreover, Dr. Botwin thereafter stated that the plaintiff's "work status [was] unchanged" on July 18, and August 15, 2002 (Tr. 412, 414).  As the plaintiff correctly asserts, the law judge's decision does not mention, let alone discuss, any of these statements.

The law judge does acknowledge Dr. Botwin's treatment and diagnoses of the plaintiff (Tr. 17).  Further, the law judge refers to Dr. Botwin's progress note dated September 4, 2001, which states that the plaintiff "is currently able to work at a medium demand capacity as per her FCE" [functional capacity evaluation] (id., Tr. 317).  Moreover, he cites this opinion to bolster his acceptance of the agency physician's assessment of the plaintiff's physical capabilities (Tr. 18).  Nonetheless, the law judge still must evaluate Dr. Botwin's other statements indicating that the plaintiff is disabled, especially the correspondence to Pinellas County Department of Social Services dated July 11, 2002, in which Dr. Botwin opines that the plaintiff suffers from a "[p]ermanent" disability and that she is "incapable of any employment" (Tr. 308).

---

439).  However, that letter was not a part of the record before the law judge.  Consequently, it is not evidence that is to be considered in determining whether the law judge's decision is supported by substantial evidence.  Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998), cert. denied, 525 U.S. 1124 (1999).

Although the law judge could arguably discount Dr. Botwin's opinions that the plaintiff is disabled, he does not mention any of these statements in his decision, so it is unclear whether he discounted them or merely overlooked them.  Further, if the law judge discounted these opinions, he needed to articulate a cogent explanation for doing so.   See Lewis v. Callahan, supra (the law judge "must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error").  In sum, the law judge's failure even to mention, much less evaluate, Dr. Botwin's statements that the plaintiff is disabled is an error that requires remand of this matter for further consideration.

The plaintiff also argues that the law judge improperly disregarded the opinion of psychiatrist Dr. John Delaney (Doc. 22, pp. 17-18). In this regard, the plaintiff relies upon a statement by Dr. Delaney dated July 17, 2002, that the plaintiff, at that time, was not capable of returning to employment (id. at p. 17; Tr. 361).  The plaintiff contends that this statement establishes that she suffers from a disabling mental impairment, and that Dr. Delaney's opinion should have been accepted because he is a treating physician (Doc. 22, p. 18).

This argument is flawed in two respects.  First, the record does not reflect that Dr. Delaney was a treating physician.  Thus, a treating source is a physician who has had an ongoing treatment relationship with the plaintiff. 20 C.F.R. 404.1502.  Accordingly, the principle concerning the weight to be given to the opinion of a treating physician does not apply to a doctor who has seen the plaintiff on one occasion.  Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986).  Here, the record contains only one report from Dr. Delaney, which is an independent medical examination of the plaintiff on July 15, 2002 (Tr. 354-61).  Therefore, the plaintiff's contention that Dr. Delaney's opinion should be given greater weight because he is a treating physician is baseless.

Furthermore, Dr. Delaney's assessment, even if accepted, does not establish the plaintiff's entitlement to Social Security disability benefits or supplemental security income, as the plaintiff suggests (Doc. 22, p. 18), because Dr. Delaney opines only that, at the time of his assessment, the plaintiff was not capable of employment (Tr. 361).  Thus, in the same report Dr. Delaney elaborates that the plaintiff has "no known permanent work restrictions from a psychiatric point of view" (id.).  Therefore, Dr. Delaney's

opinion does not establish that the plaintiff suffers from a permanent or longstanding mental disability that precludes her from "engag[ing] in any substantial gainful activity by reason of any medically determinable ... mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. 423(d)(1)(A).

B.  The plaintiff also argues that the law judge erred in failing to specify which of the plaintiff's impairments he found severe and in failing to "address the degree of impairment caused by each impairment and the combination of impairments" (Doc. 22,  pp. 20-21).

A law judge must not only consider every impairment, but must consider the combined effect of the impairments.  Hudson v. Heckler, 755 F.2d 781, 785 (11ᵗʰ Cir. 1995).  The law judge's decision shows that he considered various impairments and that he considered the combined effect of the impairments that he thought were present.

However, the law judge does not specify which of the plaintiff's alleged impairments he found severe (see Tr. 19) and which he found nonsevere.  This deficiency would amount to harmless error if the law judge considered all of the plaintiff's impairments and included any functional

limitations, whether due to severe or nonsevere impairments, in his finding of residual functional capacity.  There is no indication that that was done here, however.

In particular, the plaintiff testified that she suffers from headaches (Tr. 456).  Moreover, she was being treated for headaches (see, e.g., Tr. 388).  Nevertheless, the law judge did not evaluate this alleged impairment.  The failure to do so constitutes reversible error.  Hudson v. Heckler, supra.

C.  Finally, the plaintiff argues that the law judge's analysis of her subjective complaints was inadequate  (Doc. 22, pp. 21-22).  The law judge's credibility determination appears limited to the comment that he had "considered the claimant's statements about her symptoms and have evaluated them in relation to the objective medical evidence, to inconsistencies in the evidence, and to conflicts between her statements and other evidence" (Tr. 18).  The plaintiff argues that this explanation is inadequate because the law judge failed to specify any such inconsistencies or conflicts in the record (id. at p. 22).

When a law judge decides not to credit a claimant's testimony concerning subjective complaints, he is required to articulate explicit and adequate reasons for doing so. Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995). Thus, "disregard of such complaints without articulating the reason is inappropriate because it deprives the reviewing court of the ability to determine the validity of that action." Walker v. Bowen, 826 F.2d 996, 1004 (11th Cir. 1987).

As previously indicated, the law judge did not address the plaintiff's testimony concerning headaches. Indeed, in his summary of her hearing testimony, the law judge did not even acknowledge that the plaintiff said she suffers from headaches (Tr. 17).

Further, while the law judge noted that the plaintiff testified to neck and back pain (id.), he did not meaningfully evaluate that testimony. Thus, in discounting the plaintiff's testimony, the law judge fails to identify the inconsistencies he had in mind between her testimony and the record. See Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988); Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992)(if the law judge "refuse[s] to credit

subjective pain testimony where such testimony is critical, he must articulate specific reasons for questioning the claimant's credibility").

Although the Commissioner asserts that the "ALJ ... provided detailed reasons for finding Plaintiff not credible" (Doc. 23, p. 15), that assertion is clearly wrong.   Moreover, while the Commissioner's memorandum lists reasons for discounting the plaintiff's credibility that were not articulated by the law judge (id. at p. 14), this type of post-hoc rationalization by litigating counsel does not provide the proper basis for judicial review.   Motor Vehicle Manufacturers Association of the United States, Inc. v. State Farm Mutual Automobile Insurance Co., 463 U.S. 29, 50 (1983).  Therefore, those contentions cannot correct the inadequacy in the law judge's decision.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is REVERSED and the matter REMANDED for further proceedings.  The Clerk is directed to enter judgment accordingly and to close this case.

DONE and ORDERED at Tampa, Florida, this 8th day of August, 2006.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE